OPINION.
{¶ 1} Dollie Fischer appeals from a judgment for $677.88 against her and in favor of Mark Bishnow dba Bishco.
 {¶ 2} Bishnow sued Fischer in small claims court for $677.88, representing the difference between his charge for repairs to residential property located at 2316 Bushnell Avenue and what was paid pursuant to Gladys Roby's insurance policy. ($4,954.66 total bill — $4,276.78 paid by insurance = $677.88 balance owed).
 {¶ 3} Roby was Fischer's mother and the two lived together on Bushnell Avenue. At the time Bishnow undertook the repairs, Roby had a life interest in the property and Fischer and her three siblings were the residuary beneficiaries. Sometime after Bishnow completed the repairs, Roby died and the property was sold.
 {¶ 4} Bishnow did not pursue a claim against Roby's estate.
 {¶ 5} Fischer signed the work authorization on behalf of Roby "Gladys Roby D F (owner or authorized agent)." In the body of the work authorization, the names of Fischer and Roby appear as "Property Owner (hereafter referred to as `Customer')." The work authorization also states "Customer agrees to pay Bishco directly for any amounts not covered by insurance." Fischer signed a satisfaction slip after the repairs were completed.
 {¶ 6} Fischer was the only person with an interest in the property with whom Bishnow dealt.
 {¶ 7} After a trial to the bench, the court rendered judgment as stated above without explanation.
 {¶ 8} On appeal, Fischer does not argue that she did not enter into a contract with Bishnow. Rather, she claims that her three siblings should have been joined as parties because, like her, they had an interest in the property and presumably should have been required to pay their fair shares of the debt.
 {¶ 9} After Bishnow rested, Fischer, by counsel, moved "for a judgment" because "the parties initially do not have the proper defendant before the court. . . ." The court did not expressly rule on this motion and implicitly overruled it.
 {¶ 10} Neither at trial, nor here, where Fischer is also represented by counsel, has Fischer — who is presumably referring to her three siblings as the parties that should have been joined — attempted to demonstrate (1) that her siblings were indispensable parties or (2) that they were subject to service of process. See Civ.R. 19(A).
 {¶ 11} In the absence of such a demonstration, suffice it to say that Fischer is liable on the contract she admits she made with Bishnow.
 {¶ 12} We also obtain some guidance, albeit not direction, from Civ.R. 19(B) which assumes the existence of indispensable persons who cannot be joined as parties:
 {¶ 13} "If a person as described in subdivision (A)(1), (2), or (3) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."
 {¶ 14} The first factor does not suggest the complaint should have been dismissed. Nothing of record suggests that Fischer has no recourse against her siblings for their share of the indebtedness on a theory of unjust enrichment. See Dobbs, Law of Remedies 2nd Ed. (West 1993), p. 368. The second and third factors appear to have no application. The fourth factor strongly suggests the matter should not have been dismissed. Bishnow dealt only with Fischer, who concedes she is contractually indebted. It appears that Bishnow only became aware of the nature of the real estate interests after Roby's death, when he obtained a copy of the deed by which Roby had conveyed the property to her four children, but retained a life estate.
 {¶ 15} On this record, we cannot say that the court erred in not dismissing the complaint or in rendering judgment as it did.
 {¶ 16} The judgment will be affirmed.
BROGAN, J. and GRADY, J., concur.